# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESUS N. LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:10-cv-00376-RCJ-RAM |
| vs. ) | |
| ) | |
| BANK OF AMERICA, N.A. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists seven causes of action: (1) Violations of Nevada Revised Statutes section 107.080; (2) Fraud; (3) Breach of Contract; (4) Intentional Infliction of Emotional Distress; (5) Wrongful Foreclosure; (6) Deceptive Trade Practices under Chapter 598; and (7) Negligence. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion but also grants leave to amend to add a promissory estoppel claim.

**I.    THE PROPERTY**

Plaintiff Jose N. Lopez gave lender Washington Mutual Bank, FA ("WaMu") a $483,000 promissory note to purchase real property at 2175 Lakeside Dr., Reno, NV 89509 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Mar. 24, 2006, ECF No. 12-1). California Reconveyance Co. ("CRC") was the trustee. (*Id.* 2). The deed of trust does not list Mortgage Electronic Registration Systems, Inc. as a nominee. (*See generally id.*). JPMorgan Chase Bank, N.A. ("Chase"), as successor in interest to WaMu, assigned the note and DOT to Bank of

1  America, N.A. ("BOA"). (*See* Assignment, Jan. 30, 2009, ECF No. 12-3).  CRC filed the notice
2  of default ("NOD") based on a default of unspecified amount as of October 1, 2008. (*See* NOD,
3  Jan. 30, 2009, ECF No. 12-2).  The foreclosure was therefore statutorily proper. *See* Nev. Rev.
4  Stat. § 107.080(2)(c).  CRC noticed a trustee's sale for May 26, 2009, (*see* Notice of Trustee's
5  Sale ("NOS"), May 4, 2009, ECF No. 12-4), and sold the Property to BOA on July 1, 2009,
6  (*see* Trustee's Deed, July 9, 2009, ECF No. 12-5).

## II. ANALYSIS

The foreclosure was statutorily proper, and Plaintiff does not appear to deny default. Also, Defendants note that where a trustee's sale has occurred, reversal of the sale is only permitted if the suit is filed within 90 days of sale or 120 days from actual notice of sale, and Plaintiff's suit is untimely under both rules. *See* Nev. Rev. Stat. § 107.080(5)–(6).

Most of the affirmative claims fail for reasons given in substantively similar cases. There may be an action for damages under a promissory estoppel theory, however.  Most of the other claims rest on Plaintiff's allegations that a loan officer with WaMu made a verbal offer of loan modification (or refinancing) that WaMu failed to honor by failing to follow through with the paperwork.  Plaintiff currently only alleges that he was given information that a modification could not even be considered unless he were two months in default.  He does not allege WaMu promised him a modification if he defaulted or instructed him to default.  According to the Complaint as currently pled and additional claims made at oral argument, Plaintiff made that strategic choice himself in order to obtain a lower payment, even though he could afford the payments as they were.  As Defendants note, because a modification of the note and DOT would concern an interest in land, the alleged modification is within the statute of frauds, and Plaintiff alleges no written contract. *See* Nev. Rev. Stat. § 111.205.  Nor does Plaintiff allege partial performance or any reasonable reliance supporting estoppel.  However, at oral argument, Plaintiff appeared prepared to amend to plead a claim for promissory estoppel.  The Court will

grant leave to amend. Plaintiff must identify the content and circumstances of any alleged promise that induced him to default in reliance. As noted, *supra*, a strategic decision coupled with a subjective expectation or hope will not support a promissory estoppel claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED, with leave to amend until August 16, 2011 to add a claim for promissory estoppel.

IT IS SO ORDERED.

Dated this 1st day of August, 2011.

_____
ROBERT C. JONES
United States District Judge